UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK R. GOLDSMITH,<br><br>        Petitioner,<br><br>  vs.<br><br>STATE OF WASHINGTON,<br><br>        Respondent. | NO.  CV-07-179-JLQ<br><br>ORDER DISMISSING ACTION |

   BEFORE THE COURT is what appears to be a copy of a habeas corpus petition Mr. Goldsmith has attempted to pursue in the Spokane County Superior Court (Ct. Rec. 1).  This document does not contain an original signature as required by Rule 11, Federal Rules of Civil Procedure.  It also fails to name a proper Respondent under Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

   A petitioner for federal habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). This person typically is the warden of the facility in which the petitioner is incarcerated. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.*; *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989).

   In a letter accompanying his Petition, Mr. Goldsmith asks the federal court to intervene on his behalf in the state court.  Generally, federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).  "A district court should abstain under *Younger* when:

ORDER DISMISSING ACTION -- 1

(1) there are ongoing state judicial proceedings,; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003). Here, there appears to be an ongoing state criminal proceeding. While it is unclear from the documents he presents what charges Plaintiff is facing, any constitutional issues which arise may be adequately litigated in the Spokane County Superior Court.

Finally, any contention that Petitioner is entitled to challenge his extradition by means of a habeas petition in a Washington State court proceeding is misplaced. A writ of habeas corpus is available to the accused to test the legality of a proposed extradition in the asylum state. *See Michigan v. Doran*, 439 U.S. 282, 289 (1978). Once a prisoner has been returned to the demanding state, however, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state. *Mahon v. Justice*, 127 U.S. 700, 706, 09 (1888). Therefore, Petitioner may not challenge by habeas proceedings in Spokane County the failure of officials in Texas to properly follow extradition proceedings. Furthermore, any improprieties or irregularities in the extradition process would not invalidate a subsequent conviction. *See Frisbie v. Collins*, 342 U.S. 519, 522 (1952); *Ker v. Illinois*, 119 U.S. 436, 444 (1886). Petitioner may wish to explore other avenues of relief.

At this time, **IT IS ORDERED** the Petition is **DISMISSED without prejudice** under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, as Petitioner is not entitled to the relief he seeks in this court.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment of dismissal, forward a copy to Petitioner, and close this file.

**DATED** this 7th day of June 2007.

   s/ Justin L. Quackenbush   
JUSTIN L. QUACKENBUSH  
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION -- 2