UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK R. GOLDSMITH,<br><br>             Petitioner,<br><br>  vs.<br><br>STATE OF WASHINGTON,<br><br>             Respondent. | NO. CV-07-179-JLQ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

     BEFORE THE COURT is Petitioner's letter received June 19, 2007, and construed as a Motion for Reconsideration (Ct. Rec. 14). At that time, Mr. Goldsmith had already filed a Notice of Appeal (Ct. Rec. 8). The court had issued an Order denying a Certificate of Appealability on June 20, 2007 (Ct. Rec. 11).

     Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

     In the instant case, Petitioner did not allege there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

justify this court taking a second look at the issue in question. Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The court has already explained any contention that Petitioner is entitled to challenge his extradition by means of a habeas petition in a Washington State court proceeding is misplaced. A writ of habeas corpus is available to the accused to test the legality of a proposed extradition in the asylum state. *See Michigan v. Doran*, 439 U.S. 282, 289 (1978). Once a prisoner has been returned to the demanding state, however, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state. *Mahon v. Justice*, 127 U.S. 700, 706, 09 (1888). Consequently, Petitioner may not challenge by habeas proceedings in Spokane County, Washington, the failure of officials in Texas to properly follow extradition proceedings.

Accordingly, **IT IS ORDERED** Petitioner's Motion for Reconsideration (Ct. Rec. 14) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall enter this Order, forward copies to Petitioner, and to the Clerk of the Court for the Ninth Circuit Court of Appeals.

**DATED** this 20th day of November 2007.

<pre>                 s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
       SENIOR UNITED STATES DISTRICT JUDGE</pre>

ORDER DENYING MOTION FOR RECONSIDERATION -- 2